UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILAD ISKANDER,

Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.,

Defendant.

Case No.  2:24-cv-3381-JDP

ORDER

Plaintiff Milad Iskander alleges that defendant JP Morgan Chase Bank failed to remove fraudulent charges from his credit card accounts.  Defendant moves to dismiss the first amended complaint for failure to state a claim.  ECF No. 29.  Plaintiff filed an opposition, and defendant filed a reply.[1]  ECF Nos. 30 & 31.  For the following reasons, defendant's motion is granted, and the first amended complaint is dismissed without leave to amend.

**Background**

The following allegations are taken from the first amended complaint ("FAC") and, for purposes of the instant motion, are assumed to be true.

Between August 18, 2017, and October 26, 2018, "unauthorized charges appeared" on plaintiff's Chase Freedom Visa and Chase Hyatt Visa Signature accounts.  ECF No. 25 ¶¶ 8, 20. Plaintiff "promptly notified Chase, submitted formal disputes, and provided documentation—

---

[1] Although plaintiff's opposition was not timely under Local Rule 230(c), the court still considers it in reaching the decision below.

1

including statements, call records, and correspondence—to support his claims of fraud. Chase nevertheless failed to conduct a reasonable investigation and continued to treat the disputed charges as valid." *Id*. ¶ 20.

On August 5, 2022, plaintiff "learned that fraudulent charges had not been removed from his accounts," which included his Chase Freedom Visa account with a balance due of $6,997.76 and his Chase Hyatt Visa Signature account with a balance due of $7,619.84. ECF No. 25 ¶ 6. Plaintiff notified defendant of the charges and submitted all requested documentation. *Id.* ¶ 7. Throughout 2022 and 2023, plaintiff spoke to defendant over twenty-five times in an effort to have the charges removed. *Id*. Nonetheless, defendant refused to remove the charges and concluded that they were valid. *Id*. ¶ 8. Plaintiff paid the balance in full, but defendant reported the fraudulent charges as unpaid. *Id*. ¶ 9. Consequently, plaintiff's credit score fell below 600, and he was denied a mortgage loan, credit cards, and automobile loans. *Id*. ¶ 10. As a result, plaintiff suffered substantial financial losses and significant emotional distress. *Id*. ¶¶ 11-12.

On October 31, 2024, plaintiff filed the original complaint in Solano County Superior Court, whereafter defendant removed the case to this court. ECF No. 1. On May 23, 2025, the court dismissed the original complaint with leave to amend as to plaintiff's claims for breach-of-contract, financial elder abuse, and violation of the California Consumer Credit Reporting Agencies Act ("CCRAA").[2] ECF No. 24.

On June 19, 2025, plaintiff filed the FAC, wherein he alleges those same three causes of action. ECF No. 25 ¶¶ 16-36. Defendant now moves the court to dismiss the first amended complaint without leave to amend. ECF No. 29.

## Legal Standard

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

---

[2] The court dismissed plaintiff's other claims without leave to amend. ECF No. 24.

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

**Discussion**

Defendant argues that plaintiff's breach-of-contract, financial elder abuse, and CCRAA claims are subject to dismissal. ECF No. 29. Plaintiff counters that all claims are properly pleaded. ECF No. 30. The court addresses each claim in turn.

**I.    Breach-of-contract**

Defendant argues that plaintiff's breach-of-contract claim is time-barred. ECF No. 29 at 7. The parties agree that the statute of limitations for this claim is four years. *See* Cal. Civ. Code § 337(a). Because plaintiff filed the original complaint on October 31, 2024, his claim is timely only if it accrued on or after October 31, 2020. *See id.*; ECF No. 1.

At the hearing on the prior motion to dismiss, plaintiff's counsel argued that, to determine when a claim accrues, "what matters is when the plaintiff discovered that the defendant was not doing anything about" the fraudulent charges. *See* ECF No. 23. However, there is no authority to support that assertion. On the contrary, "California courts have often stated the maxim that in ordinary tort and contract actions, the statute of limitations begins to run upon the occurrence of the last element essential to the cause of action. The plaintiff's ignorance of the cause of action does not toll the statute." *Apr. Enters., Inc. v. KTTV*, 147 Cal. App. 3d 805, 826 (Ct. App. 1983) (cleaned up). As such, "[a] cause of action for breach of contract accrues at the time of breach." *Cochran v. Cochran*, 56 Cal. App. 4th 1115, 1120 (1997).

3

Although plaintiff does not allege exactly when defendant breached the contract, the only reasonable inference from the FAC is that breach occurred before October 31, 2020. The FAC alleges that:

> Beginning in or around 2017 through 2018, unauthorized charges appeared on both accounts. Plaintiff promptly notified Chase, submitted formal disputes, and provided documentation—including statements, call records, and correspondence—to support his claims of fraud. Chase nevertheless failed to conduct a reasonable investigation and continued to treat the disputed charges as valid, thereby breaching the implied contractual obligation to service the account fairly and competently.

ECF No. 25 ¶ 20.

Plaintiff's theory is that defendant breached the contract when it "failed to conduct a reasonable investigation and continued to treat the disputed charges as valid." *See id.* Thus, to determine when the alleged breach occurred, the court must first establish when defendant was notified of the allegedly fraudulent charges and then identify how long after notice until defendant was in breach. First, to have "promptly notified" defendant, plaintiff must have discovered the fraudulent charges and then contacted defendant shortly after they appeared, which he states was no later than October 26, 2018.[3] *See id.* ¶¶ 8, 20. Thus, while the court cannot determine exactly when plaintiff notified defendant, the FAC indicates that such notice occurred by the end of 2018.

Second, plaintiff does not state at what point after notice defendant was in breach. The FAC alleges that, under the contract, defendant agreed "to provide accurate account servicing in line with industry standards and statutory obligations." ECF No. 25 ¶ 19. "Under the Credit Card Act (Civ. Code, § 1747 et seq.) a credit card issuer is required to correct billing errors within 60 days of notification by the cardholder." *Young v. Bank of Am.*, 141 Cal. App. 3d 108, 111 (Ct. App. 1983). A "billing error" includes "an error by omission or commission in posting any debit or credit." Cal. Civ. Code § 1747.02(j). Additionally, under federal law, a credit card issuer is

---

[3] Plaintiff's discovery of the fraudulent charges in 2018 is further corroborated by his allegation that, on August 5, 2022, he "learned that fraudulent charges had not been removed from his accounts," which suggests that plaintiff knew about such charges and took appropriate action before that time. *See* ECF No. 25 ¶ 6.

required to address billing errors within ninety days. *See* 15 U.S.C. § 1666(a); *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 880 (9th Cir. 2011). If, as plaintiff alleges, the contract required defendant to "provide accurate account servicing in line with . . . statutory obligations," then defendant would have had to act on the reported charges within sixty days to comply with state law, or ninety days to comply with federal law. *See* ECF No. 25 ¶ 19. Thus, while plaintiff does not allege how long defendant had to address the disputed charges, the FAC indicates that plaintiff was in breach no later than ninety days after notice, which would be sometime in early 2019.

Moreover, given that notice occurred by the end of 2018 and that a timely claim had to accrue on or after October 31, 2020, plaintiff would have to show that defendant was entitled to a nearly two-year review process. There is nothing in the FAC suggesting the existence of such a lengthy process, state and federal regulations strictly forbid such a lengthy review, and neither party indicates that defendant was afforded such time.

Accordingly, while the FAC does not detail exactly when the breach occurred, the only reasonable inference from the allegations is that the breach occurred before October 31, 2020. *See McKinney v. De Bord*, 507 F.2d 501, 504 (9th Cir. 1974) (holding that "in construing a complaint most favorably for the plaintiff, a court need not give a plaintiff the benefit of every conceivable doubt; rather, a court is required only to draw every reasonable or warranted factual inference in the plaintiff's favor").

Plaintiff invokes the discovery rule, arguing that he did not discover the alleged breach until August 5, 2022. ECF No. 30 at 3. Under the "discovery rule," the statute of limitations is tolled until "plaintiff either (1) actually discovered his injury and its negligent cause or (2) could have discovered injury and cause through the exercise of reasonable diligence." *Leaf v. City of San Mateo*, 104 Cal. App. 3d 398, 407 (Ct. App. 1980) (cleaned up). To rely on the discovery rule, plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (cleaned up).

Here, as noted, plaintiff actually discovered the fraudulent charges by 2018 and thus cannot rely on the discovery rule. Moreover, even if the FAC did not show that plaintiff discovered the charges, the discovery rule would still not apply because plaintiff could have discovered them through due diligence. Plaintiff alleges that he had a balance due of $6,997.76 for his Chase Freedom Visa account and a balance due of $7,619.84 for his Chase Hyatt Visa Signature account. ECF No. 25 ¶ 6. An individual exercising due diligence would discover fraudulent charges on his or her credit card statements totaling $14,617.60. By reviewing such statements, plaintiff could have discovered the fraudulent charges by 2018 and then contacted defendant to rectify the situation. As such, plaintiff does not show "the inability to have made earlier discovery despite reasonable diligence" and therefore cannot rely on the discovery rule. *See Fox*, 35 Cal. 4th at 808.

Accordingly, plaintiff's breach-of-contract claim is time-barred and, as such, is subject to dismissal.[4] Furthermore, since this claim is barred by the statute of limitations, the court finds that leave to amend would be futile. *See Anderson v. Anthem Blue Cross*, 776 F. App'x 465, 465 (9th Cir. 2019) (affirming dismissal without leave to amend where claims are barred by the statute of limitations). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are consistent with the challenged pleading and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (internal quotations and citation omitted). "A party cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding." *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014) (cleaned up).

Here, the breach-of-contract claim's deficiencies cannot be cured by amendment because plaintiff would have to "contradict the allegations" in the FAC; in other words, plaintiff would have to allege that he did not discover the fraudulent charges in 2018, that he did not promptly notify defendant at that time, and that defendant was not made aware of the fraudulent charges until sometime in 2020. *See Corinthian Colleges*, 655 F.3d at 995. Accordingly, were plaintiff

---

[4] Because this claim is dismissed on timeliness grounds alone, the court finds it unnecessary to address defendant's alternative arguments for dismissal. *See* ECF No. 29 at 8-10.

granted leave to amend, he "could not advance an alternative set of allegations" that would constitute breach-of-contract; as such, "leave to amend would be futile." *See Airs Aromatics*, 744 F.3d at 600.

## II.    Financial Elder Abuse

Defendant argues that plaintiff's financial elder abuse claim is also time-barred. ECF No. 29 at 8. The parties agree that this claim "shall be commenced within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." *See* Cal. Welf. & Inst. Code § 15657.7. Moreover, "under the theory of continuous accrual, a series of wrongs or injuries may be viewed as each triggering its own limitations period, such that a suit for relief may be partially time-barred as to older events but timely as to those within the applicable limitations period." *Aryeh v. Canon Bus. Sols., Inc.*, 55 Cal. 4th 1185, 1192 (2013).

Here, as with the breach-of-contract claim, plaintiff's financial elder abuse claim is timely only if it accrued on or after October 31, 2020. *See* ECF No. 1; Cal. Welf. & Inst. Code § 15657.7. While plaintiff argues that the claim is timely under the discovery rule and the theory of continuous accrual, neither doctrine applies. *See* ECF No. 30 at 3. First, this claim is based on the allegedly fraudulent charges that appeared on plaintiff's accounts in 2017 and 2018. *See* ECF No. 25 ¶ 33 ("Chase improperly retained Plaintiff's funds by refusing to remove unauthorized charges and continuing to treat them as valid debts, despite having been repeatedly notified and provided documentation establishing fraud."). As discussed above, plaintiff actually discovered the fraudulent charges—or, alternatively, should have discovered them—by 2018. As such, plaintiff cannot rely on the discovery rule.

Second, "continuous accrual applies whenever there is a continuing or recurring obligation: When an obligation or liability arises on a recurring basis, a cause of action accrues each time a wrongful act occurs, triggering a new limitations period." *Aryeh*, 55 Cal. 4th at 1199 (internal quotation and citation omitted). In *Aryeh*, the court held that, "[b]y its nature, the duty [defendant] owed—the duty not to impose unfair charges in monthly bills—was a continuing one, susceptible to recurring breaches. Accordingly, each alleged breach must be treated as triggering

7

a new statute of limitations." *Id*. at 1200.  The court held, however, that "[plaintiff] cannot recover alleged excess charges preceding the four-year limitations period." *Id*.

Here, while plaintiff argues that there is a series of wrongs in that defendant "retained and treated disputed charges as valid and refused correction throughout 2022-2023," none of those later actions is an independent wrongful act.  *See* ECF No. 30 at 3.  Indeed, the original complaint included those allegations, *see* ECF No. 1-1 ¶ 8, and the court nonetheless dismissed this claim because plaintiff did not "allege that the defendant took or retained any property."  *See* ECF No. 23.  This context underscores that there is only one wrong in plaintiff's financial elder abuse claim: defendant allegedly took plaintiff's property by including fraudulent charges on plaintiff's credit card statements between August 18, 2017, and October 26, 2018.  ECF No. 25 ¶¶ 8, 20.  As in *Aryeh*, defendant's duty to plaintiff was "not to impose unfair charges in monthly bills," which, according to the FAC, defendant breached no later than October 26, 2018.  *See* 55 Cal. 4th at 1200.  Consequently, as the court held in *Aryeh*, plaintiff "cannot recover alleged excess charges preceding the four-year limitations period," and thus this claim is barred.  *See id*.

Plaintiff suggests that, by retaining his property (i.e., not removing the allegedly fraudulent charges), defendant continues to violate the law, and thus each act of refusal to remove the charges is a wrongful act.  *See* ECF No. 25 ¶¶ 33-34.  As an initial matter, plaintiff does not present any statutory authority or case law supporting such an argument.  In fact, plaintiff does not identify a single example where a court has applied the theory of continuous accrual to a financial elder abuse claim.

Moreover, "the statute of limitations exists to promote the diligent assertion of claims, ensure defendants the opportunity to collect evidence while still fresh, and provide repose and protection from dilatory suits once excess time has passed."  *Aryeh*, 55 Cal. 4th at 1191.  If, as plaintiff suggests, his claim was timely simply because defendant continues to retain his property, then there would be effectively no statute of limitations for this claim—an outcome that would run contrary to the public policy preferences supporting limitation periods in the first instance.

Accordingly, plaintiff's financial elder abuse claim is time-barred and, as such, is subject to dismissal.[5]  Furthermore, as with the breach-of-contract claim, the court finds that leave to amend would be futile.  *See Anderson*, 776 F. App'x at 465.

**III.   CCRAA**

Defendant argues that plaintiff's CCRAA claim is insufficiently pleaded.  ECF No. 29 at 11.  The CCRAA provides that "[a] person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."  Cal. Civ. Code § 1785.25.  "[S]tatutory causes of action must be pleaded with particularity."  *Covenant Care, Inc. v. Superior Ct.*, 32 Cal. 4th 771, 790 (2004); *see also Gomez v. Wachovia Mortg. Corp.*, No. 09-cv-2111-SBA, 2010 WL 291817, at *6 (N.D. Cal. Jan. 19, 2010) ("A cause of action based on a state statute must be pleaded with particularity.").

Here, defendant argues that plaintiff does not plead with particularity that defendant knew or should have known that any furnished information was inaccurate.  ECF No. 29 at 11.  Defendant explains that plaintiff "does not identify any specific credit reporting information he contends was incorrect or inaccurate, much less specify how Chase reported this information."  *Id*.  This is the same argument that defendant advanced in its prior motion to dismiss.  *See* ECF No. 13 at 16 ("On the issue of Chase's alleged knowledge of the inaccuracy or incompleteness of furnished information, Plaintiff does not identify any specific information he contends was incorrect or inaccurate, much less specify when or how Chase reported this information.").  At the hearing on that motion, the court found that "plaintiff hasn't provided sufficient information about those fraudulent charges.  We have some information, but we don't know, for example, the number of charges, the amount of each charge, the date of the relevant charges, and the charging business, and we need to at least know that" for plaintiff to state a CCRAA claim.  ECF No. 23.

The FAC makes no attempt to fill in the gaps.  *Compare* ECF No. 25 *with* ECF No. 1-1.  While plaintiff provides the balances due on his accounts and the time period of the statements

---

[5] Because this claim is dismissed on timeliness grounds alone, the court finds it unnecessary to address defendant's alternative argument for dismissal.  *See* ECF No. 29 at 11-13.

containing fraudulent charges, that information was also in the original complaint. *See* ECF No. 1-1 ¶¶ 7-8. It appears that the only new factual allegation in the FAC concerns communications between the parties, which does not add particularity to plaintiff's CCRAA claim. *See* ECF No. 25 ¶ 7. Thus, as with the original complaint, the FAC does not allege "the number of charges, the amount of each charge, the date of the relevant charges, and the charging business." *See* ECF No. 23. Moreover, plaintiff argues that this claim "is sufficiently pled" and does not indicate that he has any additional information to allege. ECF No. 30 at 4-5.

Accordingly, plaintiff's CCRAA claim is insufficiently pleaded and, as such, is subject to dismissal.[6] Furthermore, since plaintiff was put on notice of these pleading deficiencies and failed to correct them in the FAC, the court finds that leave to amend would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad."); *see also Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (affirming dismissal without leave to amend where "the district court gave Plaintiffs specific instructions on how to amend the complaint, and Plaintiffs did not comply").

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss, ECF No. 29, is GRANTED.

2. Plaintiff's first amended complaint, ECF No. 25, is DISMISSED without leave to amend.

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:     March 13, 2026     _____
                              JEREMY D. PETERSON
                              UNITED STATES MAGISTRATE JUDGE

---

[6] Because this claim is dismissed on sufficiency grounds alone, the court finds it unnecessary to address defendant's alternative argument for dismissal. *See* ECF No. 29 at 7-8.